**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7063**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

HOWARD SCOTT,

                    Defendant - Appellant.


Appeal from the United States District Court for the District of South Carolina, at Charleston.   Patrick Michael Duffy, Senior District Judge.  (2:09-cr-00991-PMD-1)


Submitted: October 21, 2014          Decided:  October 24, 2014


Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.


Dismissed by unpublished per curiam opinion.


Howard Scott, Appellant Pro Se.  Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Scott seeks to appeal from the district court's orders denying his successive 28 U.S.C. § 2255 (2012) motion and denying his motion for a certificate of appealability.[*] The orders from which Scott seeks to appeal are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner

---

[*] Scott filed a motion under 28 U.S.C. § 2255, and the district court denied relief. Scott appealed, and, in January 2013, this court denied a certificate of appealability and dismissed Scott's appeal. United States v. Scott, 506 F. App'x 215, 216 (4th Cir. 2013) (No. 12-7971). Scott subsequently filed a self-styled motion to modify his sentence for alleged constitutional violations. Because this self-styled motion attacks the validity of Scott's sentence, it amounts to a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). Scott did not appeal the district court's order denying this motion, but, rather, filed a motion for a certificate of appealability that sought review of the order denying the motion to modify. Scott has noted a timely appeal from the district court's order denying the motion for a certificate of appealability. We also treat the motion for a certificate of appealability as a notice of appeal from the district court's denial of Scott's successive § 2255 motion because it was filed within the time limit allotted for filing a timely notice of appeal. See Fed. R. App. P. 4(a)(1)(B)(i); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (documents filed by parties proceeding pro se are to be construed liberally); Smith v. Barry, 502 U.S. 244, 248 (1992) (stating that "the notice afforded by a document . . . determines the document's sufficiency as a notice of appeal").

2

satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Scott has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED